UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHANDLER HOLLIS<br>244 North Messner Drive<br>New Franklin, Ohio 44319<br><br>*On Behalf of Herself and All Others Similarly Situated,*<br><br>       Plaintiff,<br><br>v.<br><br>KASPER HOLDINGS, LLC, d/b/a<br>Tradefull<br>c/o Ronald K. Starkey<br>638 West Maple Street<br>Hartville, Ohio 44632<br><br>And<br><br>TRADEFULL, LLC, d/b/a Tradefull<br>c/o Ronald K. Starkey<br>638 West Maple Street<br>Hartville, Ohio 44632<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>Judge<br><br>**COMPLAINT**<br><br>(Jury Demand Endorsed Hereon) |

Now comes Plaintiff Chandler Hollis, by and through undersigned counsel, and for his Complaint against Defendant Kasper Holdings, LLC, d/b/a Tradefull, and Defendant Tradefull, LLC, d/b/a Tradefull, states and alleges the following:

**INTRODUCTION**

1.    This is a "collective action" instituted by Plaintiff pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), as a result of (1) Defendants' practices and policies of not paying employees, including Plaintiff, for all hours worked in violation of the FLSA, 29 U.S.C. §§ 201-219.

2. Plaintiff also brings this action as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of Ohio law, including Article II, § 34A of the Ohio Constitution, the Ohio Minimum Fair Wages Standards Act ("OMFWSA"), Ohio R.C. § 4111, et. seq., and the Ohio Prompt Pay Act, Ohio R.C. § 4113.15.

## JURISDICTION AND VENUE

3. This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

4. The Court has personal jurisdiction over Defendants because their principal place of business is in Ohio.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants' principal place of business is located in this District and Division, Defendants conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

7. At all material times, Plaintiff is and was a citizen of the United States and a resident of Summit County, Ohio, and Plaintiff worked for Defendants in Ohio.

8. At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e), the Ohio Constitution, Article II, § 34A, the OMFWSA, Ohio R.C. § 4111.

2

9. At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10. At all material times, Defendant Kasper Holdings, LLC was and is a limited liability company headquartered in Stark County, Ohio, with its principal place of business located at: 2100 International Pkwy, North Canton, Ohio 44720.

11. At all material times, Defendant Tradefull, LLC was and is a limited liability company headquartered in Stark County, Ohio, with its principal place of business located at: 2100 International Pkwy, North Canton, Ohio 44720.

12. At all material times, Defendants were and are employers within the meaning of 29 U.S.C. § 203(d) the Ohio Constitution, Article II, § 34A, the OMFWSA, Ohio R.C. § 4111.

13. At all material times, Defendants were and are an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r).

14. At all material times, Defendants were and are an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

15. At all material times, Defendants have operated as a single "enterprise" within the meaning of 29 U.S.C. § 203(r)(1). Defendants perform related activities through unified operation and common control for a common business purpose, and part of their unified business model is the wage violations alleged in this Complaint.

16. Defendants are joint employer. `Defendants operate with a high degree of interrelated and unified operations, sharing the same corporate address, common leadership, common management, and common control, and share the same labor and employment policies, procedures, and practices, including those complained of herein. Upon information and belief,

Defendants share ownership, management (including, upon information and belief, corporate officers and/or directors), and collectively assert control over their employees.

17. Plaintiff's written consent to this action is attached hereto as Exhibit 1.

18. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

19. Defendants are a provider of outsourced e-commerce solutions, providing various marketing, logistics, and other business management products and services to businesses.

20. From June 2021 through the present, Plaintiff has been employed by Defendants as a Customer Success Manager in North Canton, Ohio. Plaintiff was paid salary, and estimates that she has worked and continues to work an average of approximately 40 to 45 hours per workweek.

21. At all material times, employed other similarly-situated employees who were paid a salary or an hourly wage by Defendants.

22. In May 2024, Defendants abruptly stopped paying Plaintiff and other salary and hourly employees.

23. Defendants have failed to pay their salaried and hourly employees, including Plaintiff and other similarly-situated employees, for any work they performed between approximately May 17, 2024 and the present.

24. Upon information and belief, Defendants also withheld monies from the pay of Plaintiff and other similarly situated employees for health care and other benefits, but failed to then use those funds to pay the health care premiums and other benefits.

25. As a result of Plaintiff and other similarly-situated employees not being paid at all since May 2024, Plaintiff and other similarly-situated employees were, and continue to be, denied

4

the wages to which they were entitled for work performed.  They are entitled to their regular wages and, in any case, no less than a rate equivalent to the minimum wage.

26. Defendants have knowingly and willfully failed to pay Plaintiff and other similarly-situated employees for the hours they worked.

27. Defendants knew that, and otherwise showed reckless disregard as to whether their conduct in failing to properly pay Plaintiff and other similarly situated employees violated the FLSA.

28. Defendants knew or should have known that their policies and practices violate the law, and Defendants did not make and has not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard of the law has carried out their unlawful practice and policy of not paying Plaintiff other similarly situated employees at all for work performed.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

30. The FLSA collective class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All current and former employees employed by Defendants at any time after May 17, 2024 who were not paid for some or all of their work after that date ("FLSA Collective Class").

31. Plaintiff is unable, at this time, to state the exact size of the potential class, but upon information and belief, avers that it consists of more than 500 persons.

32. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Plaintiff, numerous current and former manufacturing employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

33. The similarly situated employees are known to Defendants and are readily identifiable through their records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

34. Although the exact amount of damages may vary among the similarly situated employees in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings Counts Two and Three of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of themselves and all other members of a class defined as:

> All current and former employees employed by Defendants in Ohio at any time after May 17, 2024 who were not paid for some or all of their work after that date ("Ohio Class").

36. There are questions of law or fact common to the Ohio Class, including but not limited to the following: (a) whether Defendants failed to pay employees for all hours worked; (b) what amount of monetary relief will compensate Plaintiff and other members of the Class for Defendants' violation of the Ohio Constitution, Article II, § 34A, and the OMFWSA, Ohio R.C. §

6

4111, et. seq.; (c) whether Defendants failed to pay employees all wages earned in a timely manner as described in Ohio R.C. § 4113.15; and (d) what amount of relief, including liquidated damages, is owed to Plaintiff and other members of the Class for Defendants' violation of Ohio R.C. § 4113.15.

37. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of the other Ohio Class members.

38. The named Plaintiff will fairly and adequately protect the interests of the Ohio Class. Their interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

39. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**

**(Violations of Fair Labor Standards Act – Non-Payment of Wages)**

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees any wages since approximately May 17, 2024 violated and violates the FLSA, 29 U.S.C. §§ 201-219.

43. Defendants' failure to pay Plaintiff and other similarly-situated employees any wages since approximately May 17, 2024 denied them payment on a salary basis pursuant to the FLSA, 29 C.F.R. § 541.602.

44. Defendants' failure to pay Plaintiff and other similarly-situated employees minimum wages for work performed since approximately May 17, 2024 violated and violates the FLSA, 29 U.S.C. §§ 201-219.

45. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

46. As a result of Defendants' practices, policies, acts, omissions, and breaches as herein described, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

47. Defendants' conduct in failing to pay Plaintiff and other similarly situated employees any wages since approximately May 17, 2024 was willful and/or in reckless disregard of the rights of Plaintiff and those similarly situated.

48. Defendants' actions and/or omissions were not in good faith.

49. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

50. As a result of Defendants' practices, policies, acts, omissions, and breaches as herein described, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

### (Violations of Ohio Law – Non-Payment of Wages)

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. Defendants' practice and policy of not paying Plaintiff and other similarly situated employees any wages since approximately May 17, 2024 violated and violates Ohio law, including the Ohio Constitution, Article II, § 34A, and the OMFWSA, Ohio R.C. § 4111, et. seq.

53. Defendants' failure to pay Plaintiff and other similarly-situated employees minimum wages for work performed since approximately May 17, 2024 violated and violates Ohio law, including the Ohio Constitution, Article II, § 34A, and the OMFWSA, Ohio R.C. § 4111, et. seq.

54. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated Ohio law.

55. As a result of Defendants' practices, policies, acts, omissions, and breaches as herein described, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them under Ohio law, including the Ohio Constitution, Article II, § 34A, and the OMFWSA, Ohio R.C. § 4111, et. seq.

56. Defendants' conduct in failing to pay Plaintiff and other similarly situated employees any wages since approximately May 17, 2024 was willful and/or in reckless disregard of the rights of Plaintiff and those similarly situated.

57. Defendants' actions and/or omissions were not in good faith.

58. As a result of Defendants' practices, policies, acts, omissions, and breaches as herein described, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them under Ohio law, including the Ohio Constitution, Article II, § 34A, and the OMFWSA, Ohio R.C. § 4111, et. seq.

## COUNT THREE

### (Violations of Ohio Law – Ohio Prompt Pay Act)

59. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60. At all material times, Defendants failed to pay Plaintiff and the Ohio Class members all wages earned within 30 days of the day they earned said wages, in violation of the Ohio Prompt Pay Act, Ohio R.C. § 4113.15.

61. The unpaid wages owed to Plaintiff and the Ohio Class Members are not disputed or contested.

62. Because Plaintiff and the Class Members' unpaid wages remained unpaid for more than thirty (30) days beyond their regularly scheduled payday, Defendants is also liable to Plaintiff and the Class Members in an amount equal to six per cent of the unpaid wages or $200.00, whichever is greater.

**PRAYER FOR RELIEF**

63. WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

    A. Issue an order permitting this litigation to proceed as a collective action;

    B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

    C. Issue an order certifying the Ohio Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

    D. Award Plaintiff and the classes she represents actual damages for unpaid wages;

    E. Award Plaintiff and the Ohio Class compensatory damages;

    F. Award Plaintiff and the classes she represents statutory liquidated damages pursuant to the FLSA, the Ohio Constitution and the OMFWSA, and Ohio R.C. § 4113.15;

    G. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

    H. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

    I. Award Plaintiff and the classes they represent further and additional relief as this Court deems just and proper.

## **JURY DEMAND**

64. Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

        Respectfully submitted,

        /s/ *Matthew S. Grimsley*
        Matthew S. Grimsley (Ohio 0092942)
        Anthony J. Lazzaro (Ohio 0077962)
        Lori M. Griffin (Ohio 0085241)
        The Lazzaro Law Firm, LLC
        The Heritage Building, Suite 250
        34555 Chagrin Boulevard
        Moreland Hills, OH 44022
        Telephone: 216-696-5000
        Facsimile: 216-696-7005
        matthew@lazzarolawfirm.com
        anthony@lazzarolawfirm.com
        lori@lazzarolawfirm.com

        Attorneys for Plaintiff